**AMERICAN HOME PRODUCTS COR-
PORATION, Petitioner,**

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 17781.

United States Court of Appeals
Sixth Circuit.

Oct. 18, 1968.

---

Samuel W. Murphy, Jr., New York City, for petitioner; Kenneth N. Hart, James A. Magee, Donovan, Leisure, Newton & Irvine, New York City, Powell McHenry, Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, on brief.

David B. Morris, F.T.C., Washington, D. C., for respondent; James McI. Henderson, Gen. Counsel, J. B. Truly, Asst. Gen. Counsel, Charles C. Moore, Jr., Atty., F.T.C., Washington, D. C., on brief.

Sidney P. Howell, Jr., New York City, for amicus curiae—Proprietary Assn.; James F. Hoge, Rogers, Hoge & Hills, New York City, on brief.

Before EDWARDS, CELEBREZZE, and COMBS, Circuit Judges.

COMBS, Circuit Judge.

The Federal Trade Commission has charged the petitioner, American Home Products Corporation, with using unfair and deceptive advertising in connection with the sale and distribution of Preparation H, a non-prescription, proprietary drug sold in ointment and suppository form for use in the treatment of hemorrhoids.

It is alleged in the complaint that petitioner, advertising through newspapers, magazines, radio, television, and other media, represented that Preparation H would:

1) Reduce or shrink hemorrhoids;
2) Avoid the need for surgery as a treatment for hemorrhoids;
3) Eliminate all itch due or ascribed to hemorrhoids;
4) Relieve all pain attributed or ascribed to hemorrhoids;
5) Heal, cure, or remove hemorrhoids and cause hemorrhoids to cease to be a problem.

It was alleged that these representations were false in that Preparation H has no therapeutic effect outside of affording temporary relief of minor pain and itching associated with hemorrhoids.

In its answer petitioner denied making the alleged representations and asserted that if such representations were made they were true in that Preparation H will reduce or shrink hemorrhoids, as well as stop itching and relieve pain.

■ We find no merit in the contention that the advertisements do not make the representations charged by the Commission. The following radio commercial is typical:

"Hemorrhoid sufferers * * * the proof is here! Proof of dramatic new relief of swollen injured tissue! Proof from doctors * * * from clinics * * * from hospitals.

"Yes, doctors report a new healing medication * * * Preparation H * * * actually shrinks hemorrhoids without surgery. Tests in famous hospitals and clinics reveal: Preparation H relieves pain promptly—heals injured tissue. The secret? Only Preparation H has the new wonder substance that we call Bio-Dyne to draw the body's own healing oxygen to the painful area. Here are the dramatic results: One—Preparation H relieves pain and itching promptly. Two— Preparation H heals injured tissue. And three—Preparation H shrinks hemorrhoids * * * *without* astringents, narcotics, or surgery * * * even in cases of twenty years' suffering. Yes, the proof is here—proof of

the prompt relief of painful hemor-
rhoids. Get clinically tested, hospital
tested Preparation H (optional: Oint-
ment or Suppositories). Preparation
H shrinks hemorrhoids without sur-
gery!"

The troublesome question, however, is
not whether representations as charged
by the Commission have been made by
petitioner but whether they were false
and misleading or, stated differently, to
what extent are the Commission's find-
ings that the representations are false
and misleading supported by substantial
evidence.

Hearings were held on the Commis-
sion's complaint, and the hearing exam-
iner found that petitioner had engaged
in unfair and deceptive advertising but
recommended a limited order which
would permit petitioner to advertise that
Preparation H would, in most cases, re-
lieve pain and itching, reduce or shrink
hemorrhoids, and "be of significant
therapeutic effect" in their treatment.
He also recommended that petitioner be
permitted to advertise that Preparation
H would "[e]nable persons with hem-
orrhoids to avoid surgery except in un-
usually severe or persistent cases."

On appeal by Commission's counsel,
the Federal Trade Commission made
new findings and entered a more re-
strictive order overruling the examin-
er's findings to the extent they were
inconsistent. The Commission's order
prohibits petitioner from disseminating
in connection with Preparation H or any
other hemorrhoidal remedy, advertise-
ments which represent or imply that
such product will:

1) Reduce or shrink hemorrhoids or
   hemorrhoidal tissue or membranes
   or reduce or shrink swelling asso-
   ciated with hemorrhoids;

2) Avoid the need for surgery as a
   treatment for hemorrhoids or hem-
   orrhoidal symptoms;

3) Heal, cure, or remove hemorrhoids
   or eliminate the problem of hem-
   orrhoids;

4) Afford any relief from pain or
   itching attributed to or caused by

hemorrhoids in excess of affording
some temporary relief in some
cases of pain and itching associ-
ated with some types of hemor-
rhoids;

5) Afford any other type of relief or
   have any other therapeutic effect
   upon the condition known as hem-
   orrhoids or upon any of the symp-
   toms or manifestations thereof.

The Commission's order further prohib-
its petitioner from disseminating any
advertising which:

1) Contains any reference (a) to the
   word "Bio-Dyne" (b) to any word
   which implies that said product
   will shrink hemorrhoids; or (c)
   to any word which implies that
   said product will provide any re-
   lief from pain or itching associ-
   ated with hemorrhoids in excess
   of affording some temporary re-
   lief in some cases of pain and itch-
   ing associated with some types of
   hemorrhoids.

2) Contains any reference to any other
   ingredient either singly or in com-
   bination unless such ingredient is
   effective in the treatment or relief
   of hemorrhoids or any of its symp-
   toms and unless the specific effect
   thereof is expressly and truthfully
   set forth.

The order also prohibits petitioner from
disseminating, in connection with the
sale or distribution of any "drug" as that
term is defined in the Federal Trade
Commission Act, advertising which mis-
represents, directly or by implication,
the efficacy of such drug.

When petitioner filed its petition for
review in this Court, the Commission
sought and we granted an injunction
*pendente lite* which prohibits petitioner
from disseminating any advertisements
in connection with Preparation H which:

1) Represents directly or by implica-
   tion that the use of such product
   will:

   (a) Avoid the need for surgery as
   a treatment for hemorrhoids or
   hemorrhoidal surgery;

(b) Heal, cure, or remove hemorrhoids or eliminate the problem of hemorrhoids.

2) Contains any reference to the word "Bio-Dyne."

On this appeal, petitioner does not challenge that part of the Commission's order which prohibits representations that Preparation H will eliminate the need for surgery or will heal, cure, or remove hemorrhoids. It is conceded that Preparation H will do none of these things. Petitioner contends, however, that insofar as the order prohibits representations that the drug will reduce or shrink hemorrhoids and relieve pain and itching it is not supported by the evidence. The same assertion is made as to that part of the Commission's order which prohibits the use of the word "Bio-Dyne."

Petitioner also complains that the broad prohibition against misrepresentation of the efficacy of any drug is improper. Joining it in this contention are the Association of National Advertisers, Inc. and the Proprietary Association which have filed briefs as *amicus curiae*.

Petitioner is a Delaware corporation with its principal place of business in New York. It has sold Preparation H Suppositories and Ointment for many years, and the distribution of and advertising for these products is widely disseminated. The formula for Preparation H has remained the same since the product was originally marketed as a topical ointment for burns and wounds in 1943.

This record is replete with testimony, both medical and lay, dealing with the nature of hemorrhoids in their symptomatic and asymptomatic state, their care and treatment, and the value of Preparation H in treating them and their symptoms. Much of the controversy centers around the definition of "hemorrhoids." The Commission defined the term as follows: " 'Hemorrhoids' are masses of dilated weak-walled veins located underneath the mucous membrane of the lower portions of the rectum and

under the skin of the anal canal and the peri-anal area." In other words, they are varicose veins located in the rectal area. Depending upon their location, these varicose veins may be classified as internal or external. Internal hemorrhoids are in the top part of the anal canal and are covered by mucosa; external hemorrhoids are in the lower portion of the anal canal and are covered by skin.

According to the testimony in this record, the varicosity just described, and thus hemorrhoids, afflict a majority of this country's adult population, with estimates running upward from fifty percent. But, hemorrhoids as just defined are not in themselves medically significant. It is only when the varicose veins become symptomatic, involving the skin or mucosa around them, that they become troublesome.

Hemorrhoids become symptomatic at various times because of one or more complicating factors, such as constipation, diarrhea, straining, trauma, infections, or conditions or activities which increase pressure on the hemorrhoidal veins. There is some inference that an individual's mental attitude may cause hemorrhoidal veins to become symptomatic. Symptoms may include bleeding, pain, protrusion, swelling, discharge, itching, and a sense of discomfort or fullness at the anus. These symptoms also may be caused or accompanied by inflammation, edema, ulceration, or infection in tissue adjacent to the varicose veins. The severity and duration of the symptoms may range from mild and short-lived to very severe and long-lasting. Treatment is not an absolute prerequisite for the remission of hemorrhoidal symptoms. The symptoms may disappear or be alleviated by the body's own healing processes. After such remission they may never reappear or they may cause further trouble periodically. However, remission ordinarily will be more rapid and long-lasting if treatment is utilized.

At least four methods of treatment are used by physicians and surgeons for

the relief of hemorrhoids. The method used in a given case may depend on the nature and severity of the symptoms, the professional preference of the treating physician, or the success realized in ameliorating the patient's discomfort. Of these methods, the most permanent effects can be achieved by surgery. The surgical removal of the varicose veins, which underlie the condition and medically speaking are "hemorrhoids", is not necessary in many cases and usually is resorted to only in cases with severe symptoms. In some cases where surgery is indicated, it is not performed because of some other physical infirmity of the patient.

Two other methods of treatment are injections and "baron ligation." The injection treatment consists of injecting an irritating solution into the area where the varicose veins are located. This causes the formation of scar tissue and cuts off the blood feeding the hemorrhoidal vein. The baron ligation method consists of placing a rubber ligature around the hemorrhoidal vein, thereby cutting off blood circulation into the vein.

The treatment utilized by most hemorrhoid sufferers is conservative therapy which involves the use of such measures as soft diet, cleanliness, warm baths, and the application of ointments or suppositories. It is this type of treatment in which Preparation H is used, either alone or in conjunction with other facets of conservative therapy.

There is substantial evidence that the only permanent cure for hemorrhoids is through surgical removal of the underlying varicose veins. Herein lies the definitional problem referred to above. If the definition of "hemorrhoid" is confined to its technical medical meaning and the representations in Preparation H advertisements are viewed in this light, then all of petitioner's representations are false since it is clear from the medical proof that Preparation H has no significant effect on varicose veins. We are of the opinion, however, that such a limited definition is unrealistic. The only realistic definition of "hemorrhoid," as used in petitioner's advertisements, is to regard it as including not only the varicose vein itself but also the tissue contiguous to the vein. This is what the term means to the average person, and it is the average person with whom we are here concerned. In this manner, symptoms and attendant difficulties associated with hemorrhoids are recognized in the definition. The question then is whether the petitioner's representations are false in regard to its product's effect on hemorrhoids and the attendant symptoms commonly associated with hemorrhoids.

The Commission relied almost entirely on the testimony of nine surgeons who appeared at the hearing as Commission witnesses. All nine are proctologists, specialists in diseases of the rectal area. They perform surgery on a large percentage of their patients. Many of their patients come to them as referrals from other doctors, presumably after conservative therapy has failed.

Of these nine witnesses, only Dr. Karl Zimmerman had any firsthand experience in the use of Preparation H. Dr. Zimmerman had undertaken a clinical study of Preparation H at the Commission's request, but this study was not introduced into evidence and apparently he did not rely on it in his testimony. The testimony of the nine doctors was based on their experience in treating hemorrhoids and their general knowledge of the effectiveness of conservative therapy, including the use of ointments and suppositories. Since none of these doctors except Dr. Zimmerman had any experience in the use of Preparation H, we infer from their testimony that their opinions were based largely on statements of patients who reported unsuccessful use of the drug.

The consensus of these surgeons was that ointments and suppositories in general, and Preparation H in particular, have little, if any, beneficial effect on hemorrhoids. The only value these witnesses would ascribe to Preparation H was that it would have some value as a

lubricant, protecting the affected area from hard stools or other sources of irritation, and perhaps would afford some temporary relief from minor pain and itching.

The petitioner presented ten physicians as witnesses, only one of whom was a proctologist, and seven laymen. The laymen told of Preparation H's beneficial effects on their own hemorrhoids. Six of the doctors had conducted or participated in clinical studies of the efficacy of Preparation H, and reports of these studies were introduced into evidence. The consensus of petitioner's evidence was that in most cases Preparation H would relieve pain and itching and reduce swelling, edema, and the size of the hemorrhoids.

■ The Commission's findings, of course, are binding upon this Court if supported by substantial evidence, even though the evidence might also support a contrary finding. Doherty, Clifford, Steers & Shenfield, Inc. v. F. T. C., 392 F.2d 921 (6th Cir. 1968); Standard Distributors v. Federal Trade Commission, 211 F.2d 7 (2nd Cir. 1954). See also Universal Camera Corp. v. National Labor Relations Bd., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). We find in the record substantial evidence to support most but not all of the provisions of the Commission's order, and the order will be enforced subject to the modifications hereafter directed.

■ In light of the definition which we have concluded is the correct one for the term "hemorrhoid," the Commission's order is too broad in prohibiting representations that Preparation H will relieve pain and itching and reduce swelling associated with hemorrhoids. We find no substantial evidence to support the Commission's finding that Preparation H will not afford in many cases temporary relief from the pain and itching associated with this malady. Nor do we find any evidence of substance that the product will not help to reduce swelling associated with hemorrhoids and caused by edema, infection, or inflammation, except to the extent that such swelling is of the hemorrhoidal vein itself. The Commission's order, therefore, should be modified to reflect the views here expressed.

■ We are also of the opinion that the order must be modified by striking the provision which prohibits petitioner from disseminating any advertisement "In connection with the offering for sale, sale, or distribution of any 'drug' * * * which misrepresents directly or by implication the efficacy of such drug." An order of the Commission must bear a reasonable relationship to the unlawful practice found to exist. Fed. Trade Comm'n v. Ruberoid Co., 343 U.S. 470, 72 S.Ct. 800, 96 L.Ed. 1081 (1952); Siegel Co. v. Fed. Trade Comm'n, 327 U.S. 608, 66 S.Ct. 758, 90 L.Ed. 888 (1946); Sandura Company v. F. T. C., 339 F.2d 847 (6th Cir. 1964).

The proceedings in this case dealt exclusively with representations as to the efficacy of Preparation H; no other drug was involved. It was not established that petitioner is a habitual violator of the Federal Trade Commission Act, even though it is not a first offender. The effect of this provision of the Commission's order is to admonish petitioner not to violate the law again. Such an order would, in practical effect, transfer the task of enforcing the Federal Trade Commission Act, as regards this petitioner, to the district courts under 15 U.S.C. § 56. This is not within the contemplation of the Act.

■ Of those parts of the Commission's order which we now approve, petitioner raises the strongest objection to the required excision of the word "Bio-Dyne" from future advertising but there is substantial evidence to sustain the Commission's finding that "Bio-Dyne" has no significant value in the treatment of hemorrhoids. See Fed. Trade Comm'n v. Algoma Lumber Co., 291 U.S. 67, 54 S.Ct. 315, 78 L.Ed. 655 (1934); Irwin v. Federal Trade Commission, 143 F.2d 316 (8th Cir. 1944).

Petitioner also complains that the Commission deprived it of a fair hearing by permitting other drug companies, which sell hemorrhoid remedies, to stipulate in this case that their products have substantially the same effect as Preparation H and to have their cases decided on the basis of this record. It is difficult to see how petitioner has been prejudiced by this procedure, unless the contention is that the Commission would not decide petitioner's case fairly if it meant making the same findings in other cases. If this is the contention, it is unfounded and we hold that petitioner has not been prejudiced. The findings we make on this appeal, of course, will have application only to this record and to the petitioner, American Home Products Corporation; we express no opinion as to the proper order or result in any other case.

The Commission's order is affirmed and enforcement is granted subject to the modifications herein noted. The case is remanded to the Federal Trade Commission for proceedings consistent with this opinion.